FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGIE ANUFRIEV,<br><br>Plaintiff,<br><br>v.<br><br>THOMPSONS AUTO AND TRUCK CENTER, WESTERN INTERNATIONAL RECOVERY BUREAU OF SPOKANE WASHINGTON, SHANNON BURKE, MICHAEL IVANOV, JEFF LEIKAUF, and JOHN NOWELS,<br><br>Defendants. | NO. 2:25-CV-0516-TOR<br><br>ORDER DISMISSING DEFENDANTS JOHN LEIKAUF, MICHAEL IVANOV, AND JOHN NOWELS |

BEFORE THE COURT are Defendant Jeff Leikauf's Motion to Dismiss (ECF No. 5), Defendant John Nowels Motion to Dismiss (ECF No. 9), and Defendant Michael Ivanov's Motion to Dismiss (ECF No. 11). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, each motion is **GRANTED**.

ORDER DISMISSING DEFENDANTS JOHN LEIKAUF, MICHAEL IVANOV, AND JOHN NOWELS ~ 1

Plaintiff filed a complaint on December 22, 2025 against six defendants alleging that a vehicle he purchased on July 31, 2025, was taken from him without due process. ECF No. 1. Defendants, Jeff Leikauf, John Nowels, and Michael Ivanov (collectively "Defendants"), have each filed a motion to dismiss. Plaintiff never responded to any of the motions and the hearing dates for each have now passed.

A district court has discretion to determine whether a party's failure to respond to an opposing party's argument should be deemed consent to the entry of an adverse order. LCivR 7(e); *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (per curiam); *see also Atain Specialty Ins. Co. v. Todd*, No. 4:18-CV-5022-RMP, 2019 WL 2030329, at *5 (E.D. Wash. Jan. 24, 2019) ("A failure to respond to an opposing party's argument is deemed consent to the entry of an adverse order.").

Plaintiff's response to Defendants' motions were due nearly two months ago, and Plaintiff has not filed any motions for an extension of time to respond or has otherwise communicated with the Court. Plaintiff may be proceeding pro se but he is still required to "follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, the Court construes Plaintiff's failure to respond as consent to the dismissal of Defendants.

Defendant Leikauf moves for dismissal without prejudice under Federal

ORDER DISMISSING DEFENDANTS JOHN LEIKAUF, MICHAEL IVANOV, AND JOHN NOWELS ~ 2

Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or alternatively dismissal with prejudice pursuant to Rule 12(b)(6) for failure to state a claim.  ECF No. 5.  The Court dismisses the claims against Defendant Leikauf without prejudice pursuant to Rule 12(b)(2).

Defendant Ivanov also moves for dismissal on personal jurisdiction grounds pursuant to Rule 12(b)(2).  ECF No. 11.  The Court dismisses Plaintiff's claims against Defendant Ivanov without prejudice pursuant to Rule 12(b)(2).  Defendant Nowels moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) for failure to state a claim.  ECF No. 9.  Therefore, the Court dismisses Plaintiff's claims as to Defendant Nowels without prejudice under Rule 12(b)(6).

//

//

//

//

//

//

//

//

//

//

ORDER DISMISSING DEFENDANTS JOHN LEIKAUF, MICHAEL IVANOV, AND JOHN NOWELS ~ 3

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Jeff Leikauf's Motion to Dismiss (ECF No. 5) is **GRANTED**.

2. Defendant John Nowels Motion to Dismiss (ECF No. 9) is **GRANTED**.

3. Defendant Michael Ivanov's Motion to Dismiss (ECF No. 11) is **GRANTED**.

4. Defendants Jeff Leikauf, John Nowels, and Michael Ivanov are **DISMISSED** from this action without prejudice.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED March 30, 2026.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING DEFENDANTS JOHN LEIKAUF, MICHAEL IVANOV, AND JOHN NOWELS ~ 4