FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 03, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GEORGIE ANUFRIEV,

Plaintiff,

v.

THOMPSONS AUTO AND TRUCK CENTER, WESTERN INTERNATIONAL RECOVERY BUREAU OF SPOKANE WASHINGTON, and SHANNON BURKE,

Defendants.

No. 2:25-CV-00516-ACE

ORDER HOLDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN ABEYANCE

**ECF No. 28**

**BEFORE THE COURT** is Defendants' Motion for Summary Judgment. ECF No. 28. Defendants filed their dispositive motion before the close of discovery, which remains open until August 2, 2027. *See* ECF No. 25 at 3. Plaintiff, proceeding *pro se*, requests relief under Fed. R. Civ. P. 56(d),[1] asserting incomplete discovery prevents him from developing a full factual record to oppose Defendants' motion. ECF No. 33. Plaintiff alleges discovery directed to factual

---

[1]Fed. R. Civ. P. 56(d) permits the Court to defer consideration of a summary judgment motion, allow time for discovery, or issue another appropriate order when the nonmovant shows by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his opposition.

issues raised by Defendants' motion, including issues that may bear on state action, the validity of the cancellation, and the circumstances of the vehicle's recovery. ECF No. 33. Plaintiff indicates Defendants have not responded to Plaintiff's July 21, 2026 Requests for Production and Plaintiff has not been able to conduct depositions of Shannon Burke and others with knowledge of the financing rejection, cancellation, and recovery of the vehicle. *Id.*

Defendants respond that all discovery requests served by Plaintiff have been answered and a party opposing summary judgment cannot avoid dismissal by asserting a generalized hope that future discovery will uncover facts necessary to support an essential element of a claim. ECF No. 34 at 2. Defendants assert that this case alleges purely private conduct by private parties and Plaintiff has not demonstrated how any additional discovery could create a genuine issue of material fact regarding the absence of state action. ECF No. 34 at 4.

The Court recognizes Plaintiff has not yet identified a state actor or evidence of state action and concludes Defendants' motion is likely to be granted on this basis absent additional submission by Plaintiff. The Court could therefore deny Plaintiff's request at this juncture. Nevertheless, in an abundance of cause, the Court shall provide Plaintiff with a final opportunity to pursue discovery bearing on the issues raised by Defendants' summary judgment motion before the motion is resolved by the Court.

Accordingly, pursuant to Fed. R. Civ. P. 56(d), **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, **ECF No. 28**, shall be **HELD IN ABEYANCE** until Plaintiff has had an opportunity to complete additional discovery bearing on the factual issues raised by Defendants' motion. The Court expects that discovery to be completed by no later than the end of the month (September 30, 2026) and **no further extension of time will be granted in this regard, absent a substantiated showing of good cause**.

2. On or before **October 9, 2026,** Plaintiff shall file a new response brief which shall address the merits of Defendants' Motion for Summary Judgment, ECF No. 28, with primary attention given to the issue of state action. **A failure of Plaintiff to respond in opposition to the merits shall constitute a concession or waiver of the arguments made by Defendants**. Defendants' reply, if any, shall be filed no later than **October 23, 2026**.

3. The Court shall address Defendants' Motion for Summary Judgment, ECF No. 28, without oral argument, following the receipt of the parties' briefing.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to Plaintiff and counsel for Defendants.

DATED September 3, 2026.

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE