FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 28, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GEORGIE ANUFRIEV,

Plaintiff,

v.

THOMPSONS AUTO AND TRUCK CENTER, WESTERN INTERNATIONAL RECOVERY BUREAU OF SPOKANE WASHINGTON, and SHANNON BURKE,

Defendants.

No. 2:25-CV-00516-ACE

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**ECF No. 28**

**BEFORE THE COURT** is Defendants' Motion for Summary Judgment. ECF No. 28. Plaintiff is proceeding *pro se*; Defendants are represented by Donna Shahbazi and Edward Silverman.

## BACKGROUND

Defendants appropriately filed the instant motion before the close of discovery,[1] which remains open until August 2, 2027. *See* ECF No. 25 at 3.

[1]The parties are permitted to file dispositive motions at any time up to and including August 9, 2027. *See* ECF No. 25 at 5.

Plaintiff thereafter requested relief under Fed. R. Civ. P. 56(d),[2] asserting incomplete discovery prevented the development of a full factual record to oppose Defendants' motion. ECF No. 33. On September 3, 2026, the Court afforded Plaintiff additional time to pursue discovery bearing on the issues raised by Defendants' motion. ECF No. 35. The Court held Defendants' summary judgment motion in abeyance and directed Plaintiff to submit a new response brief by no later than October 9, 2026. *Id.* Plaintiff's response in opposition was filed on the Court's docket on October 16, 2026.[3] ECF No. 36. As indicated in Defendants' reply brief, ECF No. 37, despite Plaintiff being given an opportunity to complete additional discovery bearing on the issues raised in Defendants' dispositive motion, Plaintiff did not undertake a single discovery action or seek other relief from the Court during the period provided by the Court. Instead, Plaintiff's response reiterates the allegations in the complaint and again argues further discovery is needed to adequately respond to the pending summary judgment motion. ECF No. 36.

**DISCUSSION**

Plaintiff's complaint asserts he was deprived of private property, without due process, when Defendants repossessed a vehicle Plaintiff had entered into an

---

[2]Fed. R. Civ. P. 56(d) permits the Court to defer consideration of a summary judgment motion, allow time for discovery, or issue another appropriate order when the nonmovant shows by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his opposition.

[3]While Defendants assert Plaintiff's response is untimely and thus provides an avenue for the Court to find Plaintiff has conceded the motion, ECF No. 37 at 4-5, the date stamp on the envelope of Plaintiff's certified mailing of the response brief indicates it was mailed on October 9, 2026, *see* ECF No. 36-5, the deadline for the filing of the response.

agreement to purchase. Defendants' motion for summary judgment argues that Plaintiff's cause of action should be dismissed because Plaintiff cannot establish state action, an essential element of his claim. ECF No. 28.

**A. Facts**

Plaintiff entered into an agreement with Thompsons Auto and Truck Center ("Thompsons Auto") to purchase a vehicle on or about July 31, 2025. Thompsons Auto submitted the deal package to a financing institution for approval and assignment, but the financing institution rejected the transaction documents and declined to fund the purchase because the documentation contained signature deficiencies that rendered the package unacceptable for assignment. Shannon Burke, the Finance Director at Thompsons Auto, informed Plaintiff that he needed to either properly execute a new contract that could be funded and assigned or return the vehicle. Plaintiff did not complete a properly executed replacement contract or return the vehicle. Thompsons Auto thereafter cancelled the transaction and notified Plaintiff of the cancellation. Plaintiff nevertheless retained possession of the vehicle. On or about August 14, 2025, the vehicle was repossessed by Western International Recovery Bureau of Spokane Washington ("WIRB").

**B. Legal Standard**

Federal Rule of Civil Procedure 56(a) states that a party is entitled to summary judgment in its favor if "the movant shows that there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-249 (1986). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248.

///

///

Once the moving party has carried the burden under Rule 56, the party opposing the motion must do more than simply show there is "some metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion must present facts in evidentiary form and cannot rest merely on the pleadings. *Anderson*, 477 U.S. at 248. Genuine issues are not raised by mere conclusory or speculative allegations. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

The Supreme Court has ruled that Federal Rule of Civil Procedure 56(c) requires entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. Therefore, the question on summary judgment is "whether the evidence is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-252. Where there is no evidence on which a jury could reasonably find for the nonmoving party, summary judgment is appropriate. *Id.* at 252.

**C. Analysis**

Plaintiff's complaint contends he was deprived of private property (a vehicle) without due process.[4] The Court construes this claim as arising under 42 U.S.C. § 1983 ("Section 1983").

---

[4]The District of Oregon recently considered and rejected a similar assertion by Plaintiff. Plaintiff sued a federal credit union and private repossession-related entities, alleging he had been deprived of property without due process and denied constitutional rights in connection with the repossession of a different vehicle. The District of Oregon dismissed the complaint, with prejudice, holding that Plaintiff failed to state a constitutional claim because the named defendants were private

To prevail on a claim under Section 1983, a plaintiff must establish both (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) that the alleged violation was committed by a person acting under the color of state law. *See Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). A non-governmental entity only acts "under color of state law" for purposes of a Section 1983 claim when "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812-813 (9th Cir. 2010) (*quoting Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (en banc)). Therefore, private actors are generally not liable under Section 1983.

This lawsuit concerns a dispute arising from an agreement to purchase and subsequent repossession of a vehicle. Defendant Thompsons Auto is a private automobile dealership, Defendant Shannon Burke is a private individual, and Defendant WIRB is a private repossession company. Plaintiff has failed to present facts showing that these named defendants acted under color of state law. Instead, Plaintiff's allegations concern private conduct by private parties. As determined by the District of Oregon with respect to Plaintiff's similar claim in that district, Plaintiff has failed to make a showing that an alleged violation was committed by a named defendant acting under the color of state law.

**CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, **ECF No. 28**, is **GRANTED, and Plaintiff's claim against Defendants is DISMISSED WITH PREJUDICE.**

---

actors. *See Anufriev v. First Tech. Fed. Credit Union*, 2026 WL 1030991 at *2 (D. Or. Apr. 16, 2026).

2. **Judgment shall be entered for Defendants**.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, provide copies to Plaintiff and counsel for Defendants, and **CLOSE THE FILE**.

DATED October 28, 2026.

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE